# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| LEE TAYLOR, § <br> ANDREW AVELAR, § <br> ELEAZAR SEPULVEDA, and § <br> JOHN STEWARD, § <br> on behalf of themselves § <br> and others similarly situated, § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> PERSONAL TOUCH § <br> MANAGEMENT, INC., d/b/a § <br> SPECIAL TOUCH LANDSCAPING, § <br> *Defendant*. § | CIVIL ACTION NO.: 4:18-cv-3051 <br><br> JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

Plaintiffs, Lee Taylor, Andrew Avelar, Eleazar Sepulveda, and John Steward, on behalf of themselves and other similarly situated individuals, by and through their undersigned counsel, file this Complaint and aver as follows:

### I.
### NATURE OF ACTION

1. This is a combined Collective and Class Action Complaint brought to obtain relief on behalf of a class of individuals who operate(d) as landscape laborers for Defendant Personal Touch Management, Inc., d/b/a Special Touch Landscaping (hereinafter "Defendant"). Plaintiffs allege violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs also allege claims for breach of contract under Texas common law.

2. Defendant employs landscape laborers to perform lawn and landscaping work at residential and commercial job sites.

3. The FLSA collective group consists of all individuals who operate(d) as landscape laborers for Defendant, anywhere in Texas, at any time during the applicable limitations period (hereinafter "FLSA Collective Group").

4. The Rule 23 class consists of all individuals who were promised hourly wages by Defendant and were not paid some of their hourly wages, anywhere in Texas, at any time during the applicable limitations period (hereinafter "Rule 23 Class").

5. This action challenges Defendant's denial to Plaintiffs and other similarly situated persons of the rights, obligations, privileges and benefits owed to them as employees.

## II.
## JURISDICTION

6. Plaintiffs' claims arise under the FLSA. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Additionally, pursuant to 28 U.S.C. section 1367, this Court has supplemental jurisdiction over Plaintiffs' state claims arising under common law because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

8. Upon information and belief, there are more than 30 members of the proposed FLSA Collective Group and Rule 23 Class.

## III.
## VENUE

9. Venue is proper in the U.S. Southern District of Texas–Houston Division pursuant to 28 U.S.C. section 1391(b) because this is the judicial district in which a substantial

part of the events or omissions giving rise to Plaintiffs' claims occurred.

## IV.
## PARTIES

10. Plaintiff Lee Taylor is a former employee of Defendant. He is a U.S. citizen and a citizen of the State of Texas. He resides in Harris County, Texas.

11. Plaintiff Andrew Avelar is a current employee of Defendant. He is a U.S. citizen and a citizen of the State of Texas. He resides in Montgomery County, Texas.

12. Plaintiff Eleazar Sepulveda is a former employee of Defendant. He is a U.S. citizen and a citizen of the State of Texas. He resides in Montgomery County, Texas.

13. Plaintiff John Steward is a former employee of Defendant. He is a U.S. citizen and a citizen of the State of Texas. He resides in Harris County, Texas.

14. Defendant Personal Touch Management, Inc., d/b/a Special Touch Landscaping is a domestic corporation organized and existing under the laws of the State of Texas. It is authorized to conduct business in the State of Texas. Defendant may be served with process by serving its registered agent, Ahmad A. Fobbs, at 5090 Richmond Avenue #495, Houston, Texas 77056. Defendant hires individuals to perform lawn and landscaping services at residential and commercial job sites.

## V.
## FACTUAL BASIS

15. Defendant provides lawn and landscaping services to residential and commercial clients. Defendant's shop and warehouse is located at 5410 Easthampton Drive, Houston, Texas 77039, where it keeps its trucks and equipment.

16. Plaintiffs worked as landscape laborers for Defendant. Plaintiffs performed lawn and landscaping work, including fertilization, mulching, irrigation digging, laying grass,

mowing, trimming, edging, planting, clipping bushes, collection of grass and other clippings, weed control and weed removal. Most landscape laborers worked from Monday through Friday. Some landscape laborers worked on Saturdays or Sundays.

17.    At the time of hiring, Defendant promised each landscape laborer an hourly wage. Each landscape laborer's hourly rate varied depending on experience and other circumstances.

18.    Landscape laborers, including Plaintiffs, were instructed to arrive at Defendant's shop at 5410 Easthampton Drive, Houston, Texas 77039 at 6:00 a.m. Any landscape laborer who arrived at 6:15 a.m. or later would be instructed to go home. Landscape laborers spent the morning shop time loading equipment and materials into the trucks, hooking trailers to the trucks, and taking trash out from the previous workday. Defendant did not keep a time clock at its shop.

19.    Landscape laborers were organized into crews of four or five employees. One person would serve as the lead for the crew. The lead would also drive the truck.

20.    Around 7:00 a.m. to 7:30 a.m., the crews would leave for the job sites. They would arrive at the job sites at or around 8:00 a.m.

21.    Landscape laborers worked at residential and commercial job sites. Commercial job sites on which they worked include the City of Sugar Land, the City of Pearland, the City of Friendswood, several municipalities in the Memorial area, Montgomery Independent School District, Lone Star College, restaurants, shopping centers, movie theaters, road medians, and grass strips around highways.

22.    Landscape laborers at a commercial site would stay on the same site until 5:00 p.m.

23. Landscape laborers assigned to residential sites would work at one site, then travel to the next site. Global positioning satellite ("GPS") systems on the trucks would monitor the employees' location at any given time. Also, the lead would record their arrival time and departure time at each site.

24. Landscape laborers would leave the last job site at or around 5:00 p.m. Depending on the length of the commute, they would arrive at Defendant's shop at any time from 6:00 p.m. to 7:30 p.m. They would spend the evening shop time in unloading equipment from the trucks and putting trash in the trash cans.

25. Defendant did not pay landscape laborers for some of their hours worked. For these hours, landscape laborers received neither the minimum wage required by the FLSA, nor the hourly rate promised by Defendant.

26. For the landscape laborers assigned to commercial sites, Defendant would count their working hours as 8:00 a.m. to 5:00 p.m. Defendant did not pay them for their morning shop time, their morning travel time, their evening travel time, and their evening shop time.

27. For the landscape laborers assigned to residential sites, Defendant would use the GPS on the trucks and the crew leads' time records to keep track of their time at the job sites. Defendant would count only the time spent on the job sites as their working hours. Defendant did not pay them for their travel time from one job site to the next one. Nor did Defendant pay them for their morning shop time and their evening shop time.

28. Landscape laborers regularly exceeded forty hours per week. However, Defendant did not pay an overtime rate for all of the hours worked above forty hours per week.

29. The relationship between each member of the Class and Defendant is essentially the same in material respects.

30. Plaintiffs and members of the proposed Class must strictly follow their supervisors' instructions.

31. Plaintiffs and the proposed Class were, or are, required to accept Defendant's conditions of employment or face termination.

32. Landscape laborers work, on average, 60 hours during a seven-day workweek. Plaintiffs have not been paid for some of their hours worked. Nor have they received overtime for the hours worked above forty hours per week.

33. Plaintiffs are aware of other employees who worked 60 hours per week on average without receiving all of their hourly wages or their minimum and overtime wages.

## VI.
## FIRST CAUSE OF ACTION: MINIMUM AND OVERTIME WAGE VIOLATIONS

34. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

35. Section 206(a)(1) of the FLSA provides for a minimum wage of $7.25 per hour. 29 U.S.C. § 206(a)(1).

36. Section 207(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

> 29 U.S.C. § 207(a)(1).

37. There are no exemptions applicable to Plaintiffs or to other similarly situated persons.

38. For purposes of the FLSA, the employment practices of Defendant were and are uniform in all respects material to the claims asserted in this Complaint.

39. At all relevant times, Defendant has had gross operating revenues in excess of $500,000 per year.

40. Defendant did not pay Plaintiffs the minimum wage for some of their hours worked, including their morning ship time, morning travel time, evening travel time and evening shop time.

41. Defendant did not pay Plaintiffs an overtime rate for their hours worked above forty hours per week.

42. In committing the wrongful acts alleged to be in violation of the FLSA, Defendant acted willfully in that they knowingly, deliberately, and intentionally failed to pay minimum and overtime wages to Plaintiffs and other similarly situated persons.

43. As a result of Defendant's failure to pay minimum and overtime wages, Plaintiffs and other similarly situated persons were damaged in an amount to be proved at trial.

44. Therefore, Plaintiffs respectfully demand that they and other similarly situated persons be paid minimum and overtime wages as required by the FLSA for which they were not compensated, plus interest, damages, penalties and attorneys' fees as provided by law.

## VII.
## SECOND CAUSE OF ACTION: FAILURE TO MAINTAIN ACCURATE RECORDS

45. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

46. The FLSA requires employers to keep accurate records of hours worked by non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt 516.

47. In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time records as required by the FLSA.

## VIII.
## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

48. Plaintiffs request that their claims under the FLSA proceed as a collective action under 29 U.S.C. section 216(b).

49. Many other similarly situated persons employed by Defendant over the last three years have been victimized by Defendant's violations of the FLSA.

50. As set forth above, Plaintiffs are aware of other employees who perform similar work for Defendant.

51. These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. section 216 (b). The FLSA Collective Group is defined as:

> All individuals who, through a contract with Defendant or otherwise, performed or perform as landscape laborers for Defendant anywhere in Texas at any time from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period, who file a consent to join this action pursuant to 29 U.S.C. section 216(b).

52. Defendant's practice of not paying employees similarly situated to Plaintiffs minimum and overtime wages is in direct violation of the FLSA.

53. As a result of Defendant's willful violations of the FLSA, the similarly situated employees are entitled to reimbursement of unpaid minimum and overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs incurred in this action pursuant to 29 U.S.C. section 216(b).

## IX.
## THIRD CAUSE OF ACTION: BREACH OF CONTRACT

54. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

55. Plaintiffs and other similarly situated persons entered into valid contracts with Defendant. Under the terms of these contracts, Plaintiffs and other similarly situated persons promised to do lawn and landscaping work. In return, Defendant promised to pay each employee an hourly rate determined at the time of hiring.

56. Plaintiffs performed their contractual obligations.

57. Defendant breached the contracts by not paying Plaintiffs some of their hourly wages.

58. Defendant's breach caused injury to Plaintiffs.

59. As a result of Defendant's failure to pay some of their hourly wages, Plaintiffs and other similarly situated persons were damaged in an amount to be proved at trial.

60. Therefore, Plaintiffs respectfully demand that they and other similarly situated persons be paid their hourly wages for which they were not compensated, plus interest, damages, penalties and attorneys' fees as provided by law.

## X.
## CLASS ACTION ALLEGATIONS UNDER RULE 23

61. Plaintiffs request that their claims for breach of contract proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure.

62. Plaintiffs represent a class of current and former employees of Defendant who were not paid some of their hourly wages described in this Complaint. On information and belief, there are numerous employees who have been victims of Defendant's breach of contract.

63. Plaintiffs bring this Complaint as a class action, alleging claims for breach of contract under Texas common law on behalf of themselves and all similarly situated individuals. This Rule 23 Class is defined as:

> All current and former employees of Defendant who were promised hourly wages by Defendant and not paid some of the hourly wages owed to them, anywhere in Texas at any time from the date that is four years preceding the commencement of this action up to the certification of this lawsuit as a class action.

64. The Rule 23 Class also includes the named Plaintiffs in this action. Plaintiffs reserve the right to modify this definition prior to certification of the class.

65. Plaintiffs, along with current and former employees of Defendant, are similarly situated in that they have substantially similar job requirements, pay provisions, and are subject to Defendant's common practice, policy, or plan of controlling their daily job functions.

66. Defendant hired Plaintiffs and other similarly situated persons to work as landscape laborers. Defendant promised each employee an hourly wage. Each landscape laborer's hourly rate varied depending on experience and other circumstances.

67. Defendant did not properly count employees' working hours.

68. Defendant did not pay employees some of their hourly wages.

69. The Rule 23 Class is so numerous that joinder of all members is impracticable.

70. There are questions of law or fact common to the Rule 23 Class. Among such common questions of law and fact include:

   a. Whether Defendant properly counted hourly employees' working hours?

   b. Whether Defendant paid employees all of their hourly wages?

   c. Whether any defenses exist barring employees' recovery of hourly wages?

71. Plaintiffs' claims for breach of contract are representative and typical of the class, since all the claims arise from the same course of conduct, Defendant's failure to compensate Plaintiffs and other similarly situated employees some of their hourly wages.

72. Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class. Plaintiffs have retained attorney Alfonso Kennard, Jr. to represent them and the Rule 23 Class.

73. Defendant has acted or refused to act on grounds that apply generally to the Rule 23 Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the whole class.

74. The questions of law or fact common to embers of the Rule 23 Class predominate over any questions affecting only individual members. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

75. Plaintiffs request that they be permitted to serve as representatives of the affected class, and this action should be certified as a class action.

## XI.
## JURY DEMAND

76. Plaintiffs demand a jury on all issues to be tried in this matter. Plaintiffs submit the jury demand and herein submit the jury fee.

## XII.
## PRAYER

WHEREFORE, Plaintiffs request of this Court the following relief on behalf of themselves and all other similarly situated persons:

    a. That the Court enter an order allowing this action to proceed as a collective action under the FLSA and class action under Fed. R. Civ. P. 23 and directing notice to any and all similarly situated employees;

  b.  That the Court enter an order allowing their claims for breach of contract to proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure and directing notice to any and all similarly situated employees;

  c.  That the Court enter an order for declaratory and injunctive relief designating the Plaintiffs and members of the FLSA Collective Group as employees and enjoining Defendant from pursuing illegal policies, acts, and practices described in this complaint;

  d.  Judgment declaring the Defendant's conduct as willful;

  e.  Judgment awarding Plaintiffs and others similarly situated all unpaid hourly wages, minimum wages, overtime wages, liquidated damages, attorneys' fees and costs under the FLSA and Texas Civil Practice and Remedies Code section 38.001;

  f.  An award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

  g.  Any other relief to which Plaintiffs may be entitled under law or equity.

Respectfully submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Federal I.D. No. 713316
KENNARD, MILLER, HERNANDEZ, P.C.
2603 Augusta Dr., 14th Floor
Houston, Texas  77057
Main: (713) 742-0900
Fax: (713) 742-0951
Email: alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**



/s/  *Victor Nathaniel Ang*
Victor Nathaniel Ang
Texas Bar No. 24059382
Federal ID No. 962896
KENNARD, MILLER, HERNANDEZ, P.C.
2603 Augusta Dr., 14th Floor
Houston, Texas  77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Email: victor.ang@kennardlaw.com

**OF COUNSEL FOR PLAINTIFFS**